1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ROBERT HENRY,                      No.  2:22-CV-0609 KJM DB

12                    Petitioner,

13          v.                          FINDINGS AND RECOMMENDATIONS

14   ROBERT BURTON,

15                    Respondent.

16

17          Petitioner Robert Henry, a state prisoner, proceeds pro se and in forma pauperis with a

18   petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a judgment of

19   conviction for murder entered in 1986 in the Solano County Superior Court. For the reasons set

20   forth below, this Court recommends dismissing the petition for lack of jurisdiction.

21   **I.   Background**

22          In 1986, a jury convicted petitioner of first degree murder on theories or aiding and

23   abetting and transferred intent. (ECF No. 13-5 at 226.) The jury also found as true special

24   allegations that petitioner was armed with a firearm during the offenses and carried out the

25   murder intentionally and for financial gain. The trial court sentenced him to life imprisonment

26   without the possibility of parole. (Id.)

27          In 1988, the state appellate court affirmed the judgment. (ECF No. 13-3 at Ex. 1.)

28   Petitioner sought review in the California Supreme Court, which denied his petition for review

1   and petition for state habeas corpus. (Id. at Exs. 2 & 3.)

2        In 1994, petitioner filed a federal habeas petition. Following remand from the Ninth

3   Circuit, the district court held an evidentiary hearing in April 2009 to address whether petitioner

4   had a freestanding claim of actual innocence and whether petitioner's newly discovered evidence

5   would suggest that his claim is credible. See Henry v. Marshall, 224 F. App'x 635, 637 (9th Cir.

6   2007); Henry v. Marshall, No. CIV S-94-0916 JKS EFB P, 2010 WL 2179896 (E.D. Cal. May

7   27, 2010). The district court found that "petitioner's newly discovered evidence is not credible

8   and that petitioner has not met his burden of affirmatively proving that he is probably innocent,"

9   recommending that his habeas petition be denied. Id. The district judge adopted the findings and

10  recommendations in full, and the Ninth Circuit denied petitioner's requests for certificate of

11  appealability and to file a second or successive habeas corpus petition. See Order, Henry v.

12  Marshall, No. 12-70618, (9th Cir. May 8, 2012), ECF No. 2; Order, Henry v. Marshall, No. 10-

13  17206, (9th Cir. May 15, 2012), ECF No. 7.

14       In January 2013, petitioner filed a habeas petition in the Solano County Superior Court,

15  claiming that new evidence discovered in the 2009 evidentiary hearing held by the United States

16  District Court for the Eastern District of California supports that Brewer intentionally shot and

17  killed Johnson for his own motives. (ECF No. 13-4 at 234–35.) The state court denied the claim

18  as untimely and for failing to state a prima facie case for relief. (Id.) He subsequently filed a

19  second habeas petition before the same court in October 2016, which the court denied as

20  successive. (Id. at 236–38.)

21       In October 2017, petitioner filed a third state habeas petition, restating his prior claims and

22  arguing that he is also entitled to relief under recently amended California Penal Code section

23  1473 regarding newly discovered evidence. (ECF No. 13-4 at Ex. 4.) The state court issued an

24  order to show cause addressing petitioner's claims and ordered an evidentiary hearing.[1] (Id. at

25  _____

26  [1] "At the evidentiary hearing, Petitioner presented testimony from Jeffrey Taggart and took the
    stand himself to testify. Additionally, Petitioner submitted the former testimony of Pamela

27  Conyers and Charles Austin from the trial of Francis Lee Brewer, excerpts of the testimony of
    Francis Lee Brewer from Petitioner's 2009 Federal Court hearing, transcript notes of Detective

28  Bawart's interview of Jeffrey Taggert, portions of the testimony of Detective Bawart and the

264–65, 331–32.) The state court denied habeas relief, finding that most of the evidence was not new and not credible. (Id. at 540–43.) "The enhanced audio tape of the interview of Jeffrey Taggert is new evidence, but does not substantially alter the substance of his original trial testimony implicating Petitioner and his role in the death of Andre Johnson." (Id. at 542.)

In 2020, petitioner filed a state habeas petition in the California Court of Appeal. (ECF No. 13-5 at Exs. 5 & 6.) The state court denied relief. (ECF No. 13-5 at 226–49; In re Robert Henry, No. A160596, 2021 WL 4451345 (Cal. Ct. App. Sept. 29, 2021). Petitioner filed a state habeas petition in the California Supreme Court, which the court denied. (ECF No. 13-5 at Exs. 7 & 8.)

He filed the present habeas petition on April 4, 2022. (ECF No. 1.) Respondent filed an answer. (ECF No. 13.)  Petitioner filed a traverse. (ECF No. 14.)

## II.    Analysis

The Antiterrorism and Effective Death Penalty Act imposes strict requirements on when state prisoners can bring second or successive petitions to challenge being in custody under a state court judgment. See 28 U.S.C. §§ 2244(b), 2254(a); Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam). A petitioner must obtain an order from the court of appeals authorizing a second or successive habeas petition before filing the petition in the district court. See 28 U.S.C. § 2244(b)(3)(A); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). "[A] claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments ... [or] proved by different factual allegations.'" Hooper v. Shinn, 56 F.4th 627, 633-34 (9th Cir. 2022) (internal citations omitted). Without an

---

People's closing arguments from his own trial, and an enhanced audio recording of the same interview between Detective Bawart and Jeffrey Taggert in support his claim. The Respondent submitted two photographs of autos connected with the subject incident, a cassette tape of an interview between Detective Bawart and Petitioner at the time of arrest, and full transcripts of testimony of Francis Lee Brewer and Petitioner from the same 2009 Federal hearing. Both Petitioner and Respondent further agreed that the transcripts from Petitioner's 1986 jury trial could be considered in its entirety by the Court." (ECF No. 13-4 at 540–41.)

1   order from the court of appeals, the district court does not have jurisdiction to consider a second

2   or successive habeas petition. Burton, 549 U.S. at 152; Ybarra v. Filson, 869 F.3d 1016, 1022

3   (9th Cir. 2017). And even after obtaining leave, "a claim presented in a second or successive

4   petition that was not presented in a prior application 'shall be dismissed unless' certain criteria are

5   met." Gonzalez v. Sherman, 873 F.3d 763, 767 (9th Cir. 2017). "Even if a petitioner can

6   demonstrate that he qualifies for one of these exceptions, he must seek authorization from the

7   court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d

8   886, 888 (9th Cir. 2008).

9          Petitioner's first federal habeas petition, filed in 1994, challenged being held in custody

10   pursuant to 1986 state court judgment. After an evidentiary hearing, the district court denied the

11   petition on the merits. See Henry, 2010 WL 2179896 (E.D. Cal. May 27, 2010). His current

12   federal habeas petition, filed in 2022, also contests the same state court judgment. See Gonzalez

13   v. Crosby, 545 U.S. 524, 530 (2005). Because petitioner was required to seek and obtain

14   authorization from the Ninth Circuit before filing this petition, but failed to do so, this Court lacks

15   jurisdiction to consider it. Absent such authorization, the instant habeas petition must be

16   dismissed without prejudice.

17   **III.    Conclusion**

18          For the reasons set forth above, IT IS HEREBY RECOMMENDED that the petition be

19   dismissed for lack of jurisdiction.

20          These findings and recommendations will be submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days

22   after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties. The document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

25   shall be served on all parties and filed with the court within seven (7) days after service of the

26   objections. Failure to file objections within the specified time may waive the right to appeal the

27   District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

28   F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of

4

appealability should issue in the event an appeal of the judgment in this case is filed. <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  June 29, 2023

DLB7;
henr0609.hab no jur

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5