UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENRY, | No. 2:22-cv-0609 KJM DB P |
| Petitioner, | |
| v. | ORDER |
| ROBERT BURTON, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 30, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within thirty days.  Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court declines to adopt the findings and recommendations.

    The magistrate judge recommends dismissing the petition for lack of jurisdiction because petitioner did not obtain authorization to file a second or successive petition.  F. & R. at 4, ECF

No. 15.  The magistrate judge appears to conclude this petition is a second or successive petition because it contests the same state court judgment that was contested in petitioner's first federal habeas petition.  *See id.*  However, the fact petitioner "has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'"  *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998)).  Rather, as the magistrate judge notes, F. & R. at 3, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in a prior petition.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).  In the findings and recommendations, the magistrate judge does not discuss what claims petitioner brings in the current habeas petition and does not explain why those claims have or could have been adjudicated on the merits in the prior petition.  In his objection, petitioner specifically argues he is bringing a new claim that could have not been brought in his prior petition.  *See* Objs., ECF No. 16.

Accordingly, the court declines to adopt the findings and recommendations filed on June 30, 2023 (ECF No. 15).  This matter is referred back to the magistrate judge to determine whether the petition is a second or successive petition under 28 U.S.C. § 2244 in light of the authorities cited here.

IT IS SO ORDERED.

DATED: September 25, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE