UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENRY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT BURTON,<br><br>　　　　　Respondent. | No. 2:22-cv-0609 KJM DB P<br><br>AMENDED FINDINGS AND<br>RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction for murder entered in 1986 in the Solano County Superior Court.

On June 30, 2023, the undersigned issued findings and recommendations which recommended the petition be dismissed without prejudice for lack of jurisdiction. (ECF No. 15.) On September 26, 2023, the presiding district judge declined to adopt the findings and recommendations and referred the matter back to the undersigned for further consideration. (ECF No. 18.) Consistent with that order, the undersigned issues these amended findings and recommendations. For the reasons set forth below, the petition should be dismissed.

**I.　Background**

In 1986, a jury convicted petitioner of first-degree murder on theories of aiding and abetting and transferred intent. (ECF No. 13-5 at 226.) The jury found true special allegations that

1

1 petitioner was armed with a firearm during the offenses and carried out the murder intentionally
2 and for financial gain. (Id.) The trial court sentenced petitioner to life imprisonment without the
3 possibility of parole. (Id.)

4       In 1988, the state appellate court affirmed the judgment. (ECF No. 13-3 at Ex. 1.)
5 Petitioner sought review in the California Supreme Court, which denied his petition for review
6 and denied a petition for writ of habeas corpus. (Id. at Exs. 2 & 3.)

7       In 1994, petitioner filed a federal habeas petition in this court ("prior federal petition" or
8 "prior federal proceeding"). See Henry v. Marshall, No. CIV S-94-0916 JKS EFB P, 2010 WL
9 2179896 (E.D. Cal. May 27, 2010). As construed by the court, the prior federal petition presented
10 four claims:

11
12       Henry advances four claims. First, he argues the evidence presented at the trial of Brewer, subsequent to his own trial, resulted in an
13 inconsistent verdict, entitling him to a new trial. Second, Henry asserts that his Fifth Amendment rights were violated by the
14 prosecutor when the prosecutor pointed out at trial that Henry had not denied involvement in his statement to the police and procured a
15 jury instruction on adoptive admissions from silence in the face of accusations. Next, he contends that there was insufficient evidence
16 to prove that he hired Brewer to kill Turner, rather than just to assault him. Finally, Henry submits that he was prejudiced when the
prosecutor misstated the evidence.

17 Henry v. Marshall, No. CIV S-94-0916 JKS EFB P, 2010 WL 2179896, ECF No. 102 at 4.

18       Following remand from the Ninth Circuit, see Henry v. Marshall, 224 F. App'x 635, 637
19 (9th Cir. 2007), this court held an evidentiary hearing in April of 2009 to address whether
20 petitioner had a freestanding claim of actual innocence and whether newly discovered evidence
21 suggested that his claim was credible. See Henry v. Marshall, No. CIV S-94-0916 JKS EFB P,
22 2010 WL 2179896 (E.D. Cal. May 27, 2010), ECF Nos. 171, 172, 178. The assigned magistrate
23 judge found "petitioner's newly discovered evidence is not credible and… petitioner has not met
24 his burden of affirmatively proving that he is probably innocent," and recommended that the prior
25 federal petition be denied. Id., ECF No. 194. The assigned district judge adopted the findings and
26 recommendations in full. Id., ECF No. 199. The Ninth Circuit denied petitioner's request for a
27 certificate of appealability. Id., ECF No. 205.
28 ////

In January 2013, petitioner filed a habeas petition in the Solano County Superior Court, claiming new evidence discovered in the 2009 evidentiary hearing held by this court supports that Brewer intentionally shot and killed Johnson for his own motives, such that he was innocent of the murder based on transferred intent. (ECF No. 13-4 at 234–35.) The state court denied the claim as untimely and for failing to state a prima facie case for relief. (Id.) Petitioner subsequently filed a second habeas petition before the same court in October 2016, which the court denied as successive. (Id. at 236–38.)

In October 2017, petitioner filed a third state habeas petition, restating his prior claims and arguing he is also entitled to relief under recently amended California Penal Code section 1473 regarding newly discovered evidence. (ECF No. 13-4 at Ex. 4.) The state court issued an order to show cause addressing petitioner's claims and ordered an evidentiary hearing.[1] (Id. at 264-65, 331-32.) The state court denied habeas relief, finding that most of the evidence was not new and not credible. (Id. at 540-43.) "The enhanced audio tape of the interview of Jeffrey Taggert is new evidence, but does not substantially alter the substance of his original trial testimony implicating Petitioner and his role in the death of Andre Johnson." (Id. at 542.)

////

---

[1] In an order filed after the hearing, the state court summarized the following regarding the evidence submitted at the hearing:

> At the evidentiary hearing, Petitioner presented testimony from Jeffrey Taggart and took the stand himself to testify. Additionally, Petitioner submitted the former testimony of Pamela Conyers and Charles Austin from the trial of Francis Lee Brewer, excerpts of the testimony of Francis Lee Brewer from Petitioner's 2009 Federal Court hearing, transcript notes of Detective Bawart's interview of Jeffrey Taggart, portions of the testimony of Detective Bawart and the People's closing arguments from his own trial, and an enhanced audio recording of the same interview between Detective Bawart and Jeffrey Taggart in support his claim. The Respondent submitted two photographs of autos connected with the subject incident, a cassette tape of an interview between Detective Bawart and Petitioner at the time of arrest, and full transcripts of testimony of Francis Lee Brewer and Petitioner from the same 2009 Federal hearing. Both Petitioner and Respondent further agreed that the transcripts from Petitioner's 1986 jury trial could be considered in its entirety by the Court.

(ECF No. 13-4 at 540-41.)

1         In 2020, petitioner filed a state habeas petition in the California Court of Appeal. (ECF
2  No. 13-5 at Exs. 5 & 6.) The state appellate court denied relief. (ECF No. 13-5 at 226-49); In re
3  Robert Henry, No. A160596, 2021 WL 4451345 (Cal. Ct. App. Sept. 29, 2021). Petitioner also
4  filed a state habeas petition in the California Supreme Court, which the court denied. (ECF No.
5  13-5 at Exs. 7 & 8.)
6         Petitioner filed the habeas petition presently before the court on April 4, 2022. (ECF No.
7  1.) Respondent filed an answer. (ECF No. 13.) Petitioner filed a traverse. (ECF No. 14.)
8         On June 30, 2023, the undersigned issued findings and recommendations determining that
9  petitioner was required to seek and obtain authorization from the Ninth Circuit before filing this
10 second or successive petition, but failed to do so, such that this court lacks jurisdiction. (ECF No.
11 15.) Petitioner filed objections to the findings and recommendations, arguing he is bringing a new
12 claim or claims that could have not been brought in his prior petition. (ECF No. 16.) The
13 presiding district judge declined to adopt the findings and recommendations filed on June 30,
14 2023, finding they did not address what claims petitioner brings in the current habeas petition and
15 did not explain why those claims were or could have been adjudicated on the merits in the prior
16 petition. (ECF No. 18.) Consistent with the instructions from the presiding district judge, the
17 undersigned issues these amended findings and recommendations.

18 **II.     Legal Standard**

19        The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes strict
20 requirements on when state prisoners can bring second or successive petitions to challenge being
21 in custody under a state court judgment. See 28 U.S.C. §§ 2244(b), 2254(a); Burton v. Stewart,
22 549 U.S. 147, 152-53 (2007) (per curiam). A petitioner must obtain an order from the court of
23 appeals authorizing a second or successive habeas petition before filing the petition in the district
24 court. See 28 U.S.C. § 2244(b)(3)(A); Magwood v. Patterson, 561 U.S. 320, 330–31 (2010).
25        Although AEDPA does not specify what constitutes a "second or successive" petition, the
26 federal courts have held that a petition is "second or successive" if it raises claims that were or
27 could have been adjudicated on their merits in an earlier petition. See Cooper v. Calderon, 274
28 F.3d 1270, 1273 (9th Cir. 2001). In addition, "[A] claim 'is successive if the basic thrust or

4

gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments ... [or] proved by different factual allegations.'" Hooper v. Shinn, 56 F.4th 627, 633 (9th Cir. 2022) (internal citations omitted). A disposition is "on the merits" if the district court either considers and rejects the claim or determines that the underlying claim will not be considered by a federal court. Cooper, 274 F.3d at 1273.

In addition, the Ninth Circuit has explained as follows:

> It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, Panetti v. Quarterman, 551 U.S. 930, 945, (2007), and if the petition challenges the same state court judgment as the initial petition, Magwood v. Patterson, 561 U.S. 320, 333 (2010) [....] Stating the second criterion in the converse, a petition is not second or successive if it is based on an intervening state court judgment—e.g., a new sentencing determination—notwithstanding that the same claim challenging a conviction (or even the new sentence) could have been brought in the first petition. See Magwood, 561 U.S. at 331-36. Nor is a petition second or successive if the factual predicate for the claim accrued only after the time of the initial petition. United States v. Buenrostro, 638 F.3d 720, 725-26 (9th Cir. 2011) (per curiam).

Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (citation and explanatory parenthetical omitted).

Without an order from the court of appeals, the district court does not have jurisdiction to consider a second or successive habeas petition. Burton, 549 U.S. at 152; Ybarra v. Filson, 869 F.3d 1016, 1022 (9th Cir. 2017). "Even if a petitioner can demonstrate that he qualifies for one of [the exceptions listed in 28 U.S.C. § 2244(b)(2) under which a second or successive petition can proceed], he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

**III.     Analysis**

Petitioner's first federal habeas petition, filed in 1994, challenged his custody pursuant to the 1986 state court judgment. After an evidentiary hearing, the district court denied the petition on the merits. See Henry, No. 2:94-cv-00916-JKS-EFB, 2010 WL 2179896 (E.D. Cal. May 27, 2010), ECF No. 199. Petitioner's current federal habeas petition, filed in 2022, contests the same state court judgment through six grounds for relief. As set forth below, the six grounds presented

in the present federal petition were or could have been adjudicated on the merits in the prior proceeding in this court, within the meaning of the AEDPA. See Cooper, 274 F.3d at 1273; Brown, 889 F.3d at 67l.

### A. Ground One

In ground one of the present petition, petitioner asserts newly discovered evidence establishes he is factually innocent of first-degree murder in the murder of Andre Johnson. (ECF No. 1 at 18.) In this ground, petitioner alleges he is actually innocent of the murder based on an enhanced audio recording of the police interview of Jeffrey Taggert. (Id.)

Petitioner already presented an actual innocence claim based on newly discovered evidence in the prior federal proceeding which was adjudicated on the merits. In the prior federal proceeding, petitioner asserted he was actually innocent based on newly discovered evidence, claiming specifically "Brewer did not shoot and kill Johnson, but [instead] Oden, the passenger in Brewer's car, did." See Henry v. Marshall, No. CIV S-94-0916 JKS EFB P, 2010 WL 2179896 (E.D. Cal. May 27, 2010), ECF No. 194 at 7.

Petitioner's present claim of actual innocence has the same "basic thrust or gravamen" as his prior claim: that he is actually innocent of the crime of conviction based on newly discovered evidence. That the present petition asserts different alleged newly discovered evidence is irrelevant. See Babbitt v. Woodford, 177 F.3d 744, 746 (9th Cir. 1999) ("[W]e will not consider new factual grounds in support of the same legal claim that was previously presented."); see also Morales v. Ornoski, 439 F.3d 529, 532 (9th Cir. 2006). "A claim is not newly presented merely because the petitioner offers new factual bases in support of a legal claim that has already been raised." Cooper v. Brown, 510 F.3d 870, 918 (9th Cir. 2007).[2]

////

---

[2] Even if petitioner's claim of actual innocence based on newly discovered evidence had not already been adjudicated on the merits in the prior federal petition, the present petition would still be successive based on inclusion of the claim. A federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition and the petition challenges the same state court judgment as the initial petition, even if the facts underlying the claim were unknown at the time of the initial petition and discovered later through new evidence. See Brown, 889 F.3d at 667 & 672-73.

Petitioner must obtain an order from the court of appeals authorizing a second or successive habeas petition in order to bring a petition containing this claim. See 28 U.S.C. § 2244(b).

### B.     Ground Two

In Ground Two of the present petition, petitioner asserts the prosecutor committed a violation under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence. (ECF No. 1 at 33.) Specifically, petitioner asserts the prosecutor failed to produce the enhanced version of the audio-taped interview and improperly allowed Jeffrey Taggert and Detective Bawart to testify without mentioning Jeffrey's statement that Brewer told him Johnson had a gun. (Id.)

This claim was not adjudicated in the prior federal proceeding, but it could have been, at least within the meaning of AEDPA's second or successive gatekeeping requirements.

> [A] factual predicate accrues at the time the constitutional claim ripens—i.e., when the constitutional violation occurs. See Panetti, 551 U.S. at 945; Magwood, 561 U.S. at 335 n.11. In the case of a Brady claim, the violation occurs at the time the State should have disclosed the exculpatory evidence—i.e., before trial. If the factual predicate accrues before a petitioner brings an initial federal habeas petition, then any subsequent federal petition raising a claim based on that factual predicate is second or successive[.]

Brown, 889 F.3d at 672-73 (footnote omitted).

Petitioner's Brady claim was ripe at the time of his prior federal petition because the alleged constitutional violation occurred before his trial began. See Brown, 889 F.3d at 674. Petitioner must obtain an order from the court of appeals authorizing a second or successive habeas petition in order to bring a petition containing this claim. See id. at 668 ("Brady claims are subject to AEDPA's second or successive gatekeeping requirements because the 'factual predicate existed at the time of the first habeas petition.'") (quoting Gage v. Chappell, 793 F.3d 1159, 1165 (9th Cir. 2015)).

### C.     Grounds Three, Four, Five, and Six

The factual predicates for the constitutional violations alleged in petitioner's grounds three, four, five, and six of the present federal petition accrued during trial and were ripe when

7

petitioner brought his prior federal petition. In Ground Three, petitioner asserts the enhanced audio has revealed that false evidence was admitted at his trial and the jury instruction on adoptive admissions violated his Fourteenth Amendment rights. (ECF No. 1 at 37.) In Ground Four, petitioner asserts the prosecutor committed misconduct during closing argument in arguing that petitioner hired Brewer to kill Turner because instead, as demonstrated by the enhanced audio recording, Brewer killed Johnson for his own reasons. (Id. at 42.) In Ground Five, petitioner asserts the doctrine of transferred intent did not apply to his case and the prosecutor misinterpreted the law to the jury. (Id. at 43.) In Ground Six, petitioner asserts trial counsel rendered ineffective assistance of counsel. (Id. at 45.)

These claims were ripe at the time of the prior federal petition even to the extent petitioner had not discovered their factual predicates. See Brown, 889 F.3d at 673 n.8 (distinguishing between unripe and unknown in the context of second and successive habeas petitions); Gage, 793 F.3d at 1165 (same). These claims could have been adjudicated in the prior federal proceeding, at least within the meaning of AEDPA's second or successive gatekeeping requirements. See Brown, 889 F.3d at 672-73.

## IV. Conclusion and Recommendation

For the reasons set forth above, petitioner was required to seek and obtain authorization from the Ninth Circuit before filing this petition. See 28 U.S.C. § 2244(b)(3)(A). Petitioner did not do so. Absent such authorization, the current federal petition must be dismissed without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

8

objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  December 12, 2023

DLB7
henr0609.succ

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE